894 A.2d 1173 (2006)
384 N.J. Super. 339
Faranak YAGHOUBINEJAD, Plaintiff-Respondent,
v.
Babak HAGHIGHI, Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Submitted January 23, 2006.
Decided April 4, 2006.
Seth I. Davenport, Montville, for appellant (Mr. Davenport, of counsel and on the brief; Philip R. Gennace, on the brief).
Biagiotti, Marino & Montecallo, Hackensack, for respondent (Robert Montecallo, on the brief).
Before Judges CUFF, PARRILLO and GILROY.
The opinion of the court was delivered by
CUFF, P.J.A.D.
We granted leave to appeal an order denying defendant Babak Haghighi's motion to dismiss the divorce complaint filed by plaintiff Faranak Yaghoubinejad. We reverse and remand for entry of an order dismissing the complaint because the June 30, 2001 marriage was "absolutely void."
The following facts are undisputed. Plaintiff and defendant participated in a marriage ceremony on June 30, 2001, in Short Hills. The ceremony was witnessed by Kurosh Haghighi and Mehdi Yaghoubinejad. The certificate recites that the ceremony was performed in accordance with the Islam religion and there appears to be a signature of the person who solemnized the marriage. The parties never obtained a marriage license.
On July 15, 2005, plaintiff filed a complaint for divorce. She alleged that the parties separated on June 30, 2003, and sought a divorce based on more than eighteen months continuous separation. *1174 N.J.S.A. 2A:34-2d. Defendant obtained an order to show cause initially returnable on August 11, 2005, requiring plaintiff to produce evidence of a legal marriage and an order requiring plaintiff to withdraw her complaint. Following oral argument on August 19, 2005, the motion judge denied defendant's request for relief by order dated August 22, 2005. He reasoned that the various validating acts cured any defect in the ceremony. Thereafter, on August 25, 2005, the judge issued a written opinion pursuant to Rule 2:5-1(b).
In his letter opinion, the judge acknowledged that N.J.S.A. 37:1-10 abolished common law marriages and further declared that no marriage shall be valid after the effective date of the statute unless the parties obtain a marriage license. The judge, however, relied on Taub v. Taub, 87 N.J.Eq. 624, 101 A. 246 (E. & A.1917), which held that a marriage license was not a prerequisite to a valid marriage. He also referred to the Validating Acts. The judge noted that "the Validating Acts... serve to validate those marriages that would otherwise be invalid due to failure to adhere to the statutory requirements for a marriage to be deemed valid." He proceeded to hold that "the mere failure to obtain a marriage license" does not invalidate the marriage. The judge then declared "this marriage was in fact valid." We disagree.
Our research determines that the judge's reliance on Taub, supra, is misplaced and that all but one of the various Validating Acts address only defects in the solemnization of the marriage and do not excuse the failure to obtain a license. The one that does not address a solemnization defect does not provide any basis to validate this marriage.
N.J.S.A. 37:1-10 provides:
[N]o marriage contracted on and after December first, nineteen hundred and thirty-nine, shall be valid unless the contracting parties shall have obtained a marriage license as required by [N.J.S.A.] 37:1-2 ..., and unless, also, the marriage, after license duly issued therefor, shall have been performed by or before any person, religious society, institution or organization authorized by [N.J.S.A.] 37:1-13 ... to solemnize marriages; and failure in any case to comply with both prerequisites aforesaid, which shall always be construed as mandatory and not merely directory, shall render the purported marriage absolutely void. (emphasis added.)
The statute accomplishes three things. First, it abolishes common law marriage. Second, it requires that a license to marry be procured before the ceremony. Third, it requires that the marriage be solemnized by an authorized person or entity.
The Supreme Court has characterized the language of N.J.S.A. 37:1-10 as "broad and sweeping and should not be narrowly construed." Dacunzo v. Edgye, 19 N.J. 443, 450, 117 A.2d 508 (1955). It also observed that the Legislature employed "unusually peremptory terms." Ibid. Commenting on the language of N.J.S.A. 37:1-10 that declares a non-conforming marriage "absolutely void," the Court stated that "[i]t is axiomatic that a void act has no validity from the beginning, and this is a fortiori true where an act is declared `absolutely void' by a mandatory command of a statute." Ibid.
The Court also found no basis to relax the mandatory terms by resort to common rules, maxims or tenets employed to discern legislative intent, such as the rule that a statute in derogation of the common law should be strictly construed. Id. at 451, 117 A.2d 508. The Court noted that this rule would "not be permitted to defeat the Legislature's obvious purpose *1175 or lessen the scope plainly intended to be given" the statute. Ibid. Thus, the Court declared that "[w]e find in the statute a clear and unequivocal intention to declare all marriages entered into after December 1, 1939, without full compliance with the statute, to be absolutely void...." Ibid. See also Lee v. Gen. Accident Ins. Co., 337 N.J.Super. 509, 514, 767 A.2d 985 (App. Div.2001) (ceremonial marriage without a license is void). Cf. Lopez v. Lopez, 102 N.J.Super. 253, 255-56, 245 A.2d 771 (Ch. Div.1968) (marriage by proxy void due to absence of a valid license and solemnization). But see Torres v. Torres, 144 N.J.Super. 540, 543, 366 A.2d 713 (Ch.Div. 1976) (proxy marriage not void when entered in accordance with law of country where the contract was executed).
We have identified no other cases that discuss the validity of a marriage entered into after December 1, 1939, without a valid license. The case relied on by the motion judge, Taub, supra, does not control the disposition of this appeal. Taub addressed the version of N.J.S.A. 37:1-10 in effect at that time. In 1939, however, the statute was amended, and the rule announced in Taub was abrogated by statutory amendment. Dacunzo, supra, 19 N.J. at 455, 117 A.2d 508; Lee, supra, 337 N.J.Super. at 514, 767 A.2d 985; Dunphy v. Gregor, 261 N.J.Super. 110, 120, 617 A.2d 1248 (App.Div.1992), aff'd, 136 N.J. 99, 642 A.2d 372 (1994). Likewise, Gibbs v. Gibbs, 92 N.J. Eq. 542, 113 A. 704 (Ch.1921) is no longer instructive. Both cases interpret a statute that recognized common law marriages in existence prior to December 1, 1939.
The motion judge's reliance on N.J.S.A. Val:17A-1.1-1.7, is also misplaced. This statute addresses a defect in solemnization. In all but one section of the validating acts governing marriages, the Legislature has attempted to cure a defect in the solemnization of the marriage. See N.J.S.A. Val:17A-1.1 (ceremonial marriages solemnized by chairman of township committee); N.J.S.A. Val:17A-1.2 (marriage solemnized by judge without authority at time); N.J.S.A. Val:17A-1.3 (marriage solemnized by police justice without authority at time); N.J.S.A. Val:17A-1.4 (marriages solemnized by certain divinity students); N.J.S.A. Val:17A-1.5 (marriages solemnized by chairman of township committee); N.J.S.A. Val:17A-1.7 (marriage by religious society, institution or organization where neither person was member); N.J.S.A. Val:17A-1.8 (marriages solemnized by certain unauthorized persons). Only N.J.S.A. Val:17A-1.6 validates a marriage in which a marriage license was neither obtained nor presented as required by law. In that situation, however, the parties to the marriage had applied to a Superior Court judge to waive the seventy-two hour waiting period between issuance of the license and the ceremony. The application to the judge and the entry of an order to allow the ceremony to proceed stand in place of the license. Plainly, this case is not governed by N.J.S.A. Val:17A-1.6, and there is no defect in the solemnization of the marriage to affect its validity.
Plaintiff argues that defendant is estopped from challenging the legality of the marriage citing Danes v. Smith, 30 N.J.Super. 292, 104 A.2d 455 (App.Div. 1954). In Danes, the parties participated in a marriage ceremony before a minister. Id. at 296, 104 A.2d 455. Both knew that the woman's first marriage had not been dissolved by either divorce or death of her spouse. Id. at 297, 104 A.2d 455. Thus, both participated in the misrepresentation required to obtain a license to marry. Ibid. Moreover, the parties cohabitated, except while the husband was serving in the armed forces, for eight years and acquired real property and held it as tenants by the entirety. Id. at 295-97, 104 A.2d 455.
*1176 Danes is readily distinguishable from the facts of this case. First, the marriage was presumptively valid because a properly solemnized ceremony was preceded by acquisition of the requisite license. The impediment to a valid marriage was known to both at the time the license was obtained. Here, however, the marriage was "absolutely void" due to the absence of the license. Moreover, in Danes, the parties held themselves out to the community as a married couple by long-term cohabitation and the acquisition of real property with title held as tenants by the entirety.[1]
Unlike Danes, the pleadings reveal no more than a ceremonial union. Based on the pleadings, the parties did not reside together after June 30, 2003. According to plaintiff's Affidavit of Insurance Coverage, she is the named insured on the auto and homeowner's/rental insurance. Defendant is not a named insured. Defendant certified, and plaintiff does not dispute, that the parties did not acquire any real property, commingle funds, or incur any joint liabilities. Based on her complaint, plaintiff does not seek support or equitable distribution of property; rather she seeks solely dissolution of the marriage. As such, the record does not allow plaintiff to urge that defendant is estopped from challenging the legality of the marriage. Based on the record before the judge, defendant's motion should have been granted because the ceremonial marriage conducted on June 30, 2001, was absolutely void.
Reversed and remanded for entry of an appropriate order.
NOTES
[1] In New Jersey, a common law marriage required more than cohabitation. Both parties were required to agree to enter into a marriage contract, thereby affirming their commitment to each other. Winn v. Wiggins, 47 N.J.Super. 215, 135 A.2d 673 (App.Div. 1957); see also Crenshaw v. Gardner, 277 F.Supp. 427 (D.N.J.1967).