42 A.3d 250 (2012)
425 N.J. Super. 595
Sharon CAVALLI, Plaintiff,
v.
Charles ARENA, Defendant.
Docket No. FM-05-61-12
Superior Court of New Jersey, Chancery Division, Cape May County.
Decided May 1, 2012.
*251 Paul R. Melletz, Cherry Hill, for plaintiff (Begelman, Orlow & Melletz, attorneys).
Michael A. Weinberg, Haddonfield, for defendant (Archer & Greiner, attorneys).
RAUH, J.S.C.
This matter comes before the court on plaintiffs application for what is commonly termed palimony and other related relief. For the reasons set forth below, plaintiffs claim is barred by the recent amendment to New Jersey Statute of Frauds requiring such agreements to be in writing and reviewed by an attorney. N.J.S.A. 25:1-5(h). This opinion supplements one delivered from the bench on January 13, 2012.
Construed in a fashion most favorable to plaintiff, the facts are these. Plaintiff and defendant had a dating relationship. They started living together in 2001. Defendant gifted plaintiff an engagement ring in 2002. A trust document was executed in 2005 and re-executed in 2010. That trust provided for plaintiff to receive $250,000 over the course of five years after defendant's demise. Defendant and plaintiff lived together in defendant's residence for eleven years. Defendant fully supported plaintiff financially and even put her on his company's payroll although she performed no real work. Defendant promised that he would continue to support plaintiff financially. The parties held themselves out as husband and wife. Plaintiff performed the domestic responsibilities typically attached to a spouse/homemaker including cooking, cleaning and the like.
The parties temporarily separated in the spring of 2011. A brief attempt at reconciliation failed and the parties parted ways for good sometime in June 2011.
The question raised is whether the recent amendment to the statute of frauds applies to the instant action. The court finds the statute does apply and the complaint is therefore dismissed.
N.J.S.A. 25:1-5(h) provides:
[N]o action shall be brought upon any of the following agreements or promises, unless the agreement or promise, upon which such action shall be brought or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or by some other person thereunto by him lawfully authorized:
. . . .
(h) A promise by one party to a nonmarital personal relationship to provide support or other consideration for the other party, either during the course of such relationship or after its termination. For the purposes of this subsection, no such written promise is binding unless it was made with the independent advice of counsel for both parties.
That statute was enacted effective January 18, 2010. Prior thereto, New Jersey *252 courts had routinely recognized so called "palimony claims." Simply put "palimony" is a claim by one party to a nonmarital relationship against the other for either support or property. Botis v. Estate of Kudrick, 421 N.J.Super. 107, 115, 22 A.3d 975 (App.Div.2011). The first case recognizing such a claim was Kozlowski v. Kozlowski, 80 N.J. 378, 403 A.2d 902 (1979).
Accordingly, the question is whether the statute bars the present claim. The starting place for the analysis is the language of the statute itself. By its terms it applies to the instant case. The statute provides that "no action shall be brought." The complaint was filed July 1, 2011, after the statute's effective date. Plaintiffs complaint obviously seeks to bring such a claim. Accordingly, it is barred by the plain language of the statute.
The legislative intent also favors application of the amendment to this claim filed after the effective date. The legislative intent was expressed in a Senate Judiciary Committee Statement dated February 9, 2009. According to that statement the bill was expressively intended to overturn recent palimony decisions. Senate Judiciary Committee Statement to S.2091 (February 9, 2009). Specifically, the statement provides:
"This bill is intended to overturn recent "palimony" decisions by New Jersey courts by requiring that any such contract must be in writing and signed by the person making the promise. More specifically, the bill provides that a promise by one party to a non-marital personal relationship to provide support for the other party, either during the course of such relationship or after its termination, is not binding unless it is in writing and signed."
[Ibid.].
Accordingly, in addition to the clear language of the statute, the statutory intent was clearly to bar said claims except where evidenced by a writing. Allowing the present claim would run directly contrary to the stated policy.
The amendment to the statute has been considered recently by the Appellate Division. Botis v. Estate of Kudrick, supra, 421 N.J.Super. at 111, 22 A.3d 975. There the panel considered the statute's applicability to a palimony claim already filed when the amendment was enacted. Ibid. The Botis court recognized that the first step in determining legislative intent is the clear language of the statute itself. Id. at 115, 22 A.3d 975.
In that case the Appellate Division further opined that the language of the amendment provided no explicit direction with regard to its applicability to claims already pending. Id. at 116, 22 A.3d 975. The court stated that the language "no action shall be brought" on its face did not pertain to pending actions. Ibid.
The court therefore turned to rules of statutory interpretation to determine the amendment's applicability to that case. Ibid, The panel recognized that statutes are generally given prospective application. Ibid. The exceptions are when the statute explicitly provides for retroactive application where the parties' expectations so require, or where the statute is curative. Ibid.
With regard to the parties' expectations, the court emphasized that the critical inquiry was whether the parties could have anticipated the writing requirement and therefore complied with the condition. Id, at 116-17, 22 A.3d 975. Assuming the condition was known and compliance reasonable it would apply and not constitute an unreasonable impairment of contracts or be termed manifestly unjust. Id. at 117-18, 22 A.3d 975. In Botis, the putative *253 promissor had died prior to the statute's amendment requiring a writing. Ibid. Accordingly, compliance was impossible. Ibid. The court also further recognized that the curative exception to the rule of prospective application pertained to statutes designed to cure legislation and not case law. Id. at 118, 22 A.3d 975. Accordingly that curative exception to the general rule did not apply. Accordingly, because there was no clear statutory direction, and in light of the inapplicability of the canons of statutory interpretation, the court determined that the amendment did not bar the claim in that case. Id. at 120, 22 A.3d 975.
In this case, the complaint was filed after the statute's effective date. The alleged breach took place after the statute's effective date. Some eighteen months had passed since the statute's effective date until the alleged breach. Accordingly, there was ample opportunity to cure and comply with the statute.
Therefore, plaintiff's palimony claim is dismissed.