**NOT FOR PUBLICATION WITHOUT APPROVAL OF**
**THE TAX COURT COMMITTEE ON OPINIONS**

## TAX COURT OF NEW JERSEY



**MALA SUNDAR**
**PRESIDING JUDGE**

Richard J. Hughes Justice Complex
P.O. Box 975
Trenton, New Jersey 08625-0975
609 815-2922, Ext. 54630 Fax 609 376-3018

October 8, 2025
(AMENDED TO INCLUDE "(emphasis added)" ON PAGE 10)

Jacquelyn A. Gibbons
Plaintiff, Self-Represented

Sandra Belli, Esq.
DiFrancesco, Bateman, <u>et al.</u>, P.C.
Attorney for Defendant

Re: Gibbons v. Borough of South Plainfield
<u>Docket Number 008190-2025</u>

Dear Ms. Gibbons and Counsel:

This letter opinion decides defendant's motion for summary judgment which seeks an Order to dismiss the above-referenced complaint. Defendant contends that Plaintiff is not entitled to a continuation of the 100% property tax exemption that was granted to her now deceased partner, a permanently disabled veteran, because she is not his surviving spouse. Plaintiff argues that as a surviving partner, she is entitled to the exemption continuation because they were husband and wife for all practical purposes, and it is unfair to treat her differently than surviving partners of other kinds of legally recognized unions.

For the reasons set forth below, the court finds that Plaintiff is not entitled to a continuation of the 100% tax exemption which was granted to her partner because she is









not the surviving spouse as required by N.J.S.A. 54:4-3.30(b)(1). There was no legal impediment or obstacle for Plaintiff and her partner to get married. Having chosen to continue a common law marriage type of relationship, which the Legislature does not recognize as valid under N.J.SA. 37:1-10, Plaintiff's claim of disparate treatment for couples in a common law marriage fails. Therefore, the court dismisses the complaint.

**FACTS**

The following facts are undisputed. Plaintiff, Ms. Gibbons ("Plaintiff"), owned property located in defendant taxing district, the Borough of South Plainfield ("Borough"). The property is identified as Block 40, Lot 5 ("Subject"). Plaintiff jointly owned the Subject with Mr. Haney, her partner, with whom she resided until he passed on July 9, 2021. She continues to own and reside at the Subject.

On March 3, 2019, the Borough's prior assessor received an application from Mr. Haney seeking a 100% property tax exemption as a permanently disabled veteran. In Section 1 of the form, which asked for "Claimant Name," he listed only himself. In Section 6 of the form, he checked Box A which states, in part: "I (my spouse/civil union partner & I, as tenants by entirety), solely own or hold legal title to the" Subject.[1] He also checked Box B which states "The dwelling house is One-Family and I occupy all of it as my primary residence." The assessor approved the application on March 12, 2019.

---

[1] The remainder of Box A, which was left blank, asked information if the applicant was "partial owners."

On May 12, 2023, the same prior assessor mailed Mr. Haney a form titled "Certification of Eligibility to Continue Receipt of Disabled Veterans' Real Property Tax Exemption." Plaintiff filled the form and included herself as "Claimant." She certified, under penalties of perjury, that she was the "surviving spouse/civil union partner/domestic partner" of a permanently and totally disabled veteran, and that she solely owned the Subject. She included Mr. Haney's obituary to show that he passed on July 9, 2021.

By notice dated June 8, 2023, the prior assessor disallowed the claim because Plaintiff failed to satisfy the requirement of being the "surviving spouse/surviving civil union partner/surviving domestic partner" of a disabled veteran. The form included her right to appeal against the disallowance to the Middlesex County Board of Taxation ("County Board").

By letter of July 26, 2023, Plaintiff disagreed with the disallowance because she and Mr. Haney were together for three decades, and "always identified as husband and wife." While she understood that she was not either of the three specified categories listed on the form, which she acknowledged was "in accordance with" New Jersey laws, she disagreed and "fe[lt] discriminated against." She complained that when "every group imaginable gets a 'box,'" common law marriages also "deserves to be recognized." She stated that she would file an appeal but did not think that "would address [her] problem."

The prior assessor responded to Plaintiff by letter of August 14, 2023, noting that Plaintiff's long-term relationship with Mr. Haney did not overcome the fact that she was

not legally married.  Since the law, specifically, N.J.S.A. 37:1-10, does not recognize common law marriages, the assessor stated that she could not approve Plaintiff's application for the 100% exemption.[2]

On or about August 22, 2024, Plaintiff submitted another certification of eligibility for the 100% property tax exemption.  She now listed only herself as the Claimant and certified that she occupied the Subject as her principal place of residence.  She left the remainder of the form blank.  In her cover letter she stated that although she was not entitled to the exemption since she did not fall into any of the three categories (surviving spouse, civil union partner, or domestic partner) under New Jersey law, she was applying for the exemption because she disagreed with the law.

The Borough's current assessor disallowed the claim on August 28, 2024, for the same reason her predecessor had.  Plaintiff timely petitioned the County Board, which issued a judgment denying her exemption claim.  She then appealed the judgment to this court, after which the instant summary judgment motion followed.

**ANALYSIS**

*A. Appropriateness of Summary Judgment*

Summary judgment will be granted "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there

---

[2] The notice of disallowance advised that since it was issued after the filing deadline of April 1, 2023, Plaintiff could appeal to the County Board by April 1, 2024.  Plaintiff chose to file an appeal to the Tax Court on July 19, 2024, which she thereafter withdrew.

is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c). Here, the sole issue is whether Plaintiff qualifies as a surviving spouse for purposes of a continuing local property tax exemption afforded to permanently disabled veterans. The material facts for purposes of resolution of this issue are undisputed. Therefore, summary judgment as a method of disposition is appropriate.

## B. Tax Exemption for Disabled Veterans

The New Jersey Constitution allows the continuation of a tax exemption (or deduction) to the "surviving spouse of" an "honorably discharged veteran[]," who has had "active service in any branch of the Armed Forces of the United States." N.J. Const. art. VIII, § I, ¶ 3(a). The exemption is for the duration of the spouse's "widowhood or . . . widowerhood" and while a New Jersey resident. Ibid.

The statute embodying the above provision reads as follows:

> The surviving spouse of any [disabled veteran qualifying under N.J.S.A. 54:4-3.30(a)], who at the time of death was entitled to the exemption provided under this act, shall be entitled, on proper claim made therefor, to the same exemption as the deceased had, during the surviving spouse's widowhood or widowerhood, as the case may be, and while a resident of this State, for the time that the surviving spouse is the legal owner thereof and actually occupies the said dwelling house or any other dwelling house thereafter acquired.
>
> [N.J.S.A. 54:4-3.30(b)(1).]

5

Thus, to qualify for the continued exemption, an applicant must show that they are "the surviving spouse and unremarried widow of a qualifying disabled veteran." Hays v. Paramus Borough, 28 N.J. Tax 342, 355 (Tax 2015). This is in addition to the other statutory requirements of residency, ownership, and occupancy. Ibid. See also N.J.A.C. 18:28-2.3(a)(1); (a)(2) (to qualify for the 100% exemption, the "surviving spouse . . . of a previously qualified disabled veteran must," among other requirements, be the veteran's "lawful surviving spouse" who is "unremarried").

The exemption statute does not define "surviving spouse." This phrase is defined in the veteran's deduction statute (as opposed to exemption) which permits a certain amount of deduction from local property tax to an honorably discharged veteran and their surviving spouse. See N.J.S.A. 54:4-8.11. Because the subject matter of both statutes (veteran's exemption and deduction) is the same, i.e., providing local property tax benefits to honorably discharged veterans, the definition in the deduction statute applies to the exemption statute.

The veteran's deduction statute defines the term "surviving spouse" as a "surviving wife or husband." N.J.S.A. 54:4-8.10(j).[3] The regulations dealing with the 100% exemption cross-reference this statute as to the definition of a "surviving spouse." N.J.A.C. 18:28-1.1 ("Surviving spouse is defined by N.J.S.A. 54:4-8.10(j)."). They also

---

[3] Prior to a 1985 amendment, the statute used the word "widow" instead of "surviving spouse." See L. 1985, c. 515. The 1985 amendment also substituted "surviving wife or husband" for the pre-existing phrase "only the surviving lawful wife." Ibid.

provide that to qualify for the 100% exemption, the claimant should, among others, be the "lawful surviving spouse" of the deceased pre-qualified veteran. N.J.A.C. 18:28-2.3(a)(1) (emphasis added).[4] See also Lopez v. Santiago, 125 N.J. Super. 268, 270 (App. Div. 1973) (under the principles of statutory construction which require that words in a statute be construed according to their "ordinary and well-understood meaning," the meaning of "spouse" in the Motor Vehicles Act, N.J.S.A. 39:6-70 "is clear" and indicates "a man or woman joined in wedlock, a married person") (citing Webster's Third New International Dictionary, 2208 (1961)); Lee v. General Acc. Inc. Co., 337 N.J. Super. 509, 514 (App.

---

[4] The earlier version of the regulation defined "surviving spouse" as "the lawful surviving wife or husband of a disabled veteran or serviceperson." N.J.A.C. 18:28-1.1 (pre-2018).

Due to the passage of the Domestic Partnership Act ("DPA"), N.J.S.A. 26:8A-1 to -13, and the Civil Unions statute, N.J.S.A. 37:1-28 to -36, the regulations included a "lawful surviving" domestic partner or civil union partner as eligible for the 100% exemption, provided among others, they are not in a new partnership or civil union. See N.J.A.C. 18:28-1.1; 18:28-2.3.

The DPA was intended to "formally recognize" a "mutually supportive relationship" of same-sex couples, and entitle them to, among others, "an additional exemption from the personal income tax and the transfer inheritance tax on the same basis as a spouse." N.J.S.A. 26:8A-2(d); -2(e). The DPA was also extended to include a non-same sex couple "who are each" 62 years old (or older) and met the statutory requirements of a domestic partnership. N.J.S.A. 26:8A-4(b)(5).

The Civil Unions statute "legally recognized [a] union between" same sex couples. It extended to such couples the benefits (and concurrent responsibilities) of, among others, "laws relating to taxes . . . including but not limited to homestead rebate tax allowances, tax deductions based on marital status or exemptions from realty transfer tax based on marital status." N.J.S.A. 37:1-32(n). Although it replaced the DPA, couples each of whom are 62 and over, can still enter into a domestic partnership. N.J.S.A. 26:8A-4.1.

Now same sex couples have the right to marry.

Div. 2001) ("The commonplace meaning of marriage envisions a man and a woman lawfully joined in wedlock") (citations omitted).

It is undisputed that Plaintiff meets the other requirements to qualify for the continued 100% exemption (ownership, occupancy, residency) since Mr. Haney was previously qualified for the 100% exemption. The remaining criterion for qualification is whether she holds a qualifying legal status as a spouse. She does not. Plaintiff is a surviving partner, not a lawfully wedded spouse. She and Mr. Haney were never legally married. Therefore, Plaintiff is not entitled to a 100% tax exemption.

Plaintiff acknowledges that a common law marriage is of no legal force and effect in New Jersey. The statute in fact declares such a marriage (post-1939) to be void. Titled "Common Law and other marriages without license; validity," it provides:

> no marriage contracted on and after December [1, 1939] . . . shall be valid unless the contracting parties shall have obtained a marriage license as required by [N.J.S.A.] . . . 37:1-2 . . . and unless, also, the marriage, after license duly issued therefor, shall have been performed by or before any person, religious society, institution or organization authorized by [N.J.S.A.] . . . 37:1-13 . . . to solemnize marriages; and failure in any case to comply with both prerequisites aforesaid, which shall always be construed as mandatory and not merely directory, shall render the purported marriage absolutely void.

[N.J.S.A. 37:1-10.]

"The statute accomplishes three things. First, it abolishes common law marriage. Second, it requires that a license to marry be procured before the ceremony. Third, it requires that the marriage be solemnized by an authorized person or entity."

8

Yaghoubinejad v. Haghighi, 384 N.J. Super. 339, 341 (App. Div. 2006) (holding that a duly solemnized marriage sans a license is absolutely void).

Plaintiff argues that regardless of the above statute, denying tax benefits to a common law married couple is unfair and discriminatory because the Legislature confers such benefits to couples in other non-traditional relationships such as a domestic partnership or civil union (the other two categories whose members are entitled to claim 100% property tax exemption). She notes she and Mr. Haney were, like any couple in a domestic partnership or civil union, in a continuous, committed relationship together, yet only a surviving domestic or civil union partner would qualify for the 100% exemption. This she argues, evidences disparate treatment of couples in common law marriages especially because she was not qualified to enter into either a domestic partnership or a civil union.[5] She also notes that marriage was not an option since Mr. Haney was divorced, therefore, her Catholic faith prevented them from having a religious ceremony.

The problem with this argument is that the Legislature did not foreclose Plaintiff and Mr. Haney from legalizing their relationship. They could still fall within the first category for the 100% exemption through a civil marriage pursuant to a marriage license. See N.J.S.A. 37:1-2. In other words, they always had a right to legally marry unlike same sex couples who were afforded the right to a legalized union after recent legislation. See

---

[5] Since Plaintiff was not 62 years old, the DPA did not apply. Since Plaintiff and Mr. Haney were not a same sex couple, the Civil Unions statute did not apply.

e.g. N.J.S.A. 26:8A-2(e) (Legislature recognized the equitable need for same sex couples who were "unable to enter into a marriage with each other that is recognized by New Jersey law, unlike persons of the opposite sex who are in a domestic partnership but have the right to enter into a marriage that is recognized by State law and thereby have access to these health and pension benefits") (emphasis added). Plaintiff and Mr. Haney simply chose not to avail themselves of this available legal right.

While Plaintiff may have desired a religious ceremony which was foreclosed due to the rules governing a Catholic Church, they could still have had their relationship formalized by a civil ceremony solemnized by any other person authorized by law to do so. See N.J.S.A. 37:1-13 (listing numerous civil officials - judges, mayors, county clerks, and civil celebrants, who are authorized to solemnize marriages). Thus, the unavailability of a religious ceremony, and Plaintiff's religious doctrine/faith did not foreclose a civil marriage which the State freely made available. The statutory pathway was open and independent of ecclesiastical approval. The record does not show that Plaintiff sought, or was denied, a civil marriage license by an authorized official. Plaintiff's failure to pursue a religious ceremony therefore does not establish that marriage, and the accompanying spousal status for purposes of the 100% exemption, was legally unavailable.

The personal choice not to marry renders unpersuasive Plaintiff's contentions that she is harmed or subject to disparate treatment. See e.g. Jiwungkul v. Dir., Div. of Taxation, 30 N.J. Tax 70 (Tax 2016) where the court ruled that the surviving domestic

partner was not entitled to a marital deduction for estate tax purposes and cannot validly complain of unequal treatment when they chose not to opt for a civil union that would have provided this benefit. The court stated that,

> as is the case with any couple in New Jersey, whether they are of the same sex or different sexes, the rights and benefits of marriage are afforded only to those people who enter into a State-sanctioned relationship affording those rights and benefits. Plaintiff and his partner did not take the steps necessary to be recognized in New Jersey as a couple with the rights of marriage. This is an unfortunate, but undeniable, fact.
>
> [Id. at 73.]

The court noted that a cause of action for discrimination may exist if a couple could not legally marry or enter into "other State-sanctioned relationship affording them a tax benefit available to married couples." Id. at 88. However, opting not to pursue the legally available avenues "to be treated as a surviving spouse" does not provide a justifiable basis for claiming discrimination. Ibid.[6] As in that case, here also, Plaintiff and Mr. Haney had the opportunity to enter into a civil marriage which would have conferred "surviving spouse" status for purposes of the exemption statute. They did not do so. Their choice disqualifies Plaintiff from being qualified for the 100% exemption.

It may be true that a common law marriage is a non-traditional relationship just like a domestic partnership and civil union. Nonetheless Plaintiff's argument of unequal

---

[6] The court also noted that since same sex couples can now also marry, it ended "the disparate treatment of same-sex couples in the arena of marriage." Jiwungkul, 30 N.J. Tax at 90.

treatment is unsound.  This is because both domestic partnerships and civil unions require a legislatively imposed formalization of the relationship.  Both domestic partners need to jointly execute an "Affidavit of Domestic Partnership," which had to be filed "with the local registrar upon payment of a fee."  See N.J.S.A. 26:8A-4; Jiwungkul, 30 N.J. Tax at 74 ("All couples are required to satisfy various statutory requirements to register as domestic partners.").  Similarly, couples entering a civil union require a license to be married just as couples entering a civil ceremony of marriage.  Both civil partners and non-same sex partners require solemnization of their marriage ceremony by certain certified officiants.  N.J.S.A. 37:1-2; 37:1-13.

It is therefore difficult to agree with Plaintiff that the Legislature is subjecting her to disparate treatment, or is discriminating against common law married couples.  See Jiwungkul, 30 N.J. Tax at 83 ("There is a longstanding policy in this State of not according statutory rights to couples who have not fulfilled the statutory requirements for a government-sanctioned relationship.") (citing N.J.S.A. 37:1-10).  The court's observation that there is "no legal basis on which the court could declare plaintiff to be a . . . spouse, given [plaintiff's] . . . failure to enter into [such] . . . relationship[]," applies with full force here.  Jiwungkul, 30 N.J. Tax at 83.

More importantly, in the context of tax benefits afforded to married persons, which is the issue here, the court observed,

> There can be little doubt that the judicial branch must be
> cautious when it purports to find in the unambiguous text of a

12

statute an implied right not specifically granted by the Legislature. This is particularly true when that right is a tax preference, an entitlement to which is ordinarily reserved for those instances in which the Legislature has expressly provided an exception to the general rule of taxation.

[Id. at 87.]

The plain language of the exemption statute, N.J.S.A. 54:4-3.30(b)(1), extends the 100% tax exemption to the surviving spouse of a qualified deceased veteran. The common sense meaning of "spouse" is one of two individuals forming a lawfully married couple. This means that the statute's continuation of the 100% exemption is afforded to a person who was legally married to the deceased veteran. Since Plaintiff and Mr. Haney did not marry and chose not to have a legally permissible marriage, Plaintiff does not qualify for the continued 100% property tax exemption as Mr. Haney's surviving spouse.

In this connection, the court is unpersuaded that it should liberally construe the word spouse to include an unmarried person because courts have done so in the context of palimony awards. Those cases were premised upon the legal enforcement of oral or written agreements to take care of the other partner during a relationship, as an inducement to enter or stay in a relationship, in other words, as contract actions. See Maeker v. Ross, 219 N.J. 565, 576 (2014). They did not judicially bless a relationship deemed void by the Legislature, such as common law marriages. See Kozlowski v. Kozlowski, 80 N.J. 378, 387 (1979) ("emphasiz[ing] that" the court's decision to award palimony to an unmarried person, based on an oral promise of support "has not judicially revived a form of common

13

law marriage which has been proscribed in New Jersey since 1939 by N.J.S.A. 37:1-10”); Crowe v. De Gioia, 90 N.J. 126, 132 (1982) (“The Legislature has proscribed common law marriages. N.J.S.A. 37:1-10. We continue to decline to view non-marital relationships as if they were lawful marriages.”).[7]

**CONCLUSION**

For the above reasons, Plaintiff is not entitled to the 100% tax exemption. The County Board’s judgment is affirmed, and the complaint is dismissed. An Order reflecting the court’s conclusion will accompany this opinion.

Very Truly Yours,

____/s/ Mala Sundar_____
Hon. Mala Sundar, P.J.T.C.

---

[7] The term “palimony” means a “claim by one party to a non-marital relationship against the other for either support or property.” Cavalli v. Arena, 425 N.J. Super. 595, 597 (Ch. Div. 2012). Prior to 2010, “no statute addressed palimony claims. Rather, . . . such claims were recognized by our courts as a matter of contract law.” Botis v. Estate of Kudrick, 421 N.J. Super. 107, 119 (App. Div. 2011). In 2010, N.J.S.A. 25:1-5(h) was enacted which required such types of agreements be in writing.